MASTERSON v. MISSISSIPPI VALLEY TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1918.)

No. 3092.

MORTGAGES ⬦〰617—RIGHT OF REDEMPTION FROM FORECLOSURE—FRAUD.

Evidence *held* insufficient to sustain a decree permitting a junior mortgagee to redeem from a foreclosure sale under a prior lien, on the ground that the existence of the prior lien was concealed from him, and that the sale was simulated and fraudulent.

Appeal from the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Suit in equity by the Mississippi Valley Trust Company and T. M. Pierce against Harris Masterson. Decree for complainants, and defendant appeals. Reversed.

F. A. Williams, of Galveston, Tex., and H. Masterson, of Houston, Tex., for appellant.

Sam Streetman, of Houston, Tex. (Andrews, Streetman, Burns & Logue, of Houston, Tex., on the brief), for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree which permitted the holder of bonds secured by a deed of trust on land in Texas to redeem that land, which had been sold under a foreclosure of a prior lien, by paying the amount of the debt, including interest, secured by the prior lien, and the expenses of foreclosure. The bill under which this relief was decreed contained averments to the effect that the holder of the prior lien participated in a fraudulent concealment of it from the creditor secured by the junior one, and that the title acquired by the prior lienholder, who was the purchaser at the foreclosure sale under his lien, did not really vest in him for his own benefit, but was acquired in trust for the then owner of the land, subject to the two liens mentioned. There was no right of redemption from the sale under the prior lien, unless that sale was void or voidable at the instance of the party allowed to redeem, or unless the plaintiff proved one or both of the charges of fraud or simulation made by the bill. The evidence adduced did not prove the existence of such a state of facts. On the contrary, it showed that the foreclosure of the prior lien was regular, being made in a way which was effective under the law of Texas, and it failed to prove that the prior lienholder participated in a fraudulent concealment of his duly recorded lien from the creditor secured by the junior lien, or acquired the incumbered property for any one other than himself.

Much was attempted to be made of the circumstance that the creditor secured by the junior lien, which was a deed of trust made, not to the creditor, but to another party, was kept in ignorance of the

⬦〰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

prior lien until after it was foreclosed. Long before that foreclosure the trustee in that deed of trust was made a party defendant to a suit for the foreclosure of the prior lien, which suit was dismissed following the transfer of the note secured and the extension of the time for payment of it by the transferee. It was not made to appear that the prior lienholder was in any way responsible for the trustee's failure to notify the creditor secured by the junior deed of trust of the institution and pendency of the suit which constituted notice to a defendant served with process in it of the existence of the prior lien. There was a failure to prove a state of facts justifying the conclusion that the title acquired by the prior lienholder under the foreclosure proceedings was other than an indefeasible and absolute one, leaving no right of redemption in a creditor secured by a junior lien. Carite v. Trotot, 105 U. S. 751, 26 L. Ed. 1223.

It follows that the decree appealed from was erroneous. It is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.